[ECF No. 60]

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |
|---|---|
| **ROBERT L. BROWN,** | |
| **Plaintiff,** | |
| **v.** | **Civil No. 25-17637 (KMW/SAK)** |
| **RC-1, INC. d/b/a Hi Solutions et al.,** | |
| **Defendants.** | |

### OPINION AND ORDER

This matter is before the Court on the motion of Plaintiff Robert L. Brown for an Order authorizing service of process upon Defendants John E. Parker ("Parker"), RC-1, Inc. d/b/a Hi Solutions ("RC-1"), Hi Solutions LLC ("Hi Solutions"), The Home Integrator Holdings, LLC ("Home Integrator"), and Booyah Technologies, LLC ("Booyah") by alternative means, ECF No. 60.  No opposition has been filed.  The Court exercises its discretion to decide Plaintiff's motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1.  For the reasons to be discussed, Plaintiff's motion is **GRANTED**.

### I.    BACKGROUND

Plaintiff filed this action on November 17, 2025 asserting claims for breach of contract and unpaid wages against a host of Defendants.[1]  Five of these defendants remain unserved to date:

---

[1] Defendants specifically consisted of the following thirteen (13) parties: RC-1, Inc. d/b/a Hi Solutions; Hi Solutions LLC; The Home Integrator Holdings, LLC; Booyah Technologies, LLC; Media Design Associates, Inc.; Medley Communications, Inc.; Hi Solutions of So Cal, LLC; ITEC Consultants, LLC; Bouc Construction Services, Inc. d/b/a Best Connected Systems; Media Tech LLC; John E. Parker; Darrin Medley; and John Ford. *See generally* Compl., ECF No. 1.

Parker, RC-1, Hi Solutions, Home Integrator, and Booyah. *See* Mensing Cert. ¶ 2, ECF No. 60-1. Plaintiff alleges that Parker is the sole officer and director of each of the other four unserved corporate entities. *See id.* ¶ 3 (citing Ex. P-1). Plaintiff further alleges that he is an active member of the Pennsylvania Bar. *See id.* ¶ 4 (citing Ex. P-2). On November 25, 2025, Plaintiff's counsel emailed Parker a copy of the Complaint along with notices and requests to waive service for himself and the four corporate entities. *See id.* ¶ 5 (citing Ex. P-3). Notably, Parker replied to the email the next day asking if counsel could speak that morning. *See id.* Ex. P-3 at 1, ECF No. 60-5 ("Can you speak at 10:30 today?").[2] Nevertheless, Parker never returned any executed waivers. *See* Mensing Cert. ¶ 6. Thereafter, Plaintiff's counsel emailed Parker on January 12 and 21, 2026, respectively, to follow up about the waivers. *See id.* (citing Ex. P-4). Despite communicating by both phone and email, Parker failed to return any executed waivers or commit to accepting service on behalf of himself or any of the other four corporate entities. *See id.*; *see also id.* Ex. P-4 at 1, ECF No. 60-6.

Plaintiff subsequently retained a professional process serving company, DGR Legal, Inc., to effectuate personal service. *See* Mensing Cert. ¶ 7. DGR first attempted service at the addresses listed in Plaintiff's Complaint. *See id.* After eight attempts at service on RC-1, Hi Solutions, Home Integrator, and Parker between February 2 and 20, 2026, summonses were returned unexecuted. *See id.* (citing ECF Nos. 39–42).[3] As to Booyah, DGR reported that the address listed in the

---

[2] It is unclear if counsel replied to this request simply based on the contents of Exhibit P-3. The next exhibit, however, indicates that Plaintiff's counsel and Parker were communicating by both phone and email by mid-January. *See* Mensing Cert. Ex. P-4 at 1, ECF No. 60-6.

[3] The Court should note that these three corporate entities are listed as sharing the same address in Plaintiff's Complaint. *See* Compl. ¶¶ 6, 10, and 15. No address—only a state of citizenship and residence—is listed for Parker. *See id.* ¶ 55. Nevertheless, DGR attempted to personally serve him at this address. *See* ECF Nos. 39–42. The Court should also note that this address differs from the one listed on Parker's Pennsylvania Disciplinary Board registration but otherwise shares the same township and zip code. *Compare id.*, *with* Mensing Cert. Ex. P-2 at 2, ECF No. 60-4.

Complaint was occupied by a different business that confirmed Booyah was not located there. *See id.* (citing ECF No. 32). DGR then attempted service on all five Defendants at Parker's residential address—the same address listed on his Pennsylvania Disciplinary Board registration. *See id.* ¶ 8; *see also id.* Ex. P-2 at 2, ECF No. 60-4. The process server made seven visits between March 3 and April 1, 2026. *See* Mensing Cert. ¶ 8. On March 9, 2026, the process server spoke with a neighbor who confirmed that Parker resided at the property and provided his telephone number. *See id.* "The process server called the number and left a voicemail. On March 11, 2026, the process server called the number again and spoke to Parker, who stated he was currently out of the state and would be back in a couple of weeks, and that he would reach out when he returned." *Id.* On subsequent visits, the process server observed the same two vehicles in the driveway—a grey BMW and a white Toyota—as well as mail at the residence, but no one answered the door. *See id.* On April 1, 2026, lights on inside the home were observed, but again, no one answered the door. *See id.* Parker never contacted DGR as he stated he would. *See id.* ¶ 9.

Plaintiff's counsel directed DGR to continue its efforts to serve each of the five Defendants at Parker's home address. *See id.* ¶ 10. Between April 4 and 26, 2026, seven additional attempts were made. *See id.* "On each attempt, no one answered the door. The same vehicles were observed in the driveway on multiple occasions, and the process server called Parker's telephone number and left voicemails. Parker never returned any of the calls." *Id.* On May 14, 2026, DGR returned all five matters as unexecuted. *See id.* Nine affidavits of non-service were subsequently filed on the docket. *See* ECF Nos. 48–55, 59.

Plaintiff now moves for an order authorizing service on all five Defendants by mail and email to Parker's known addresses. *See* Pl.'s Br., ECF No. 60-2. Specifically, Plaintiff proposes service by: (1) simultaneous certified mail, return receipt requested, and ordinary mail to Parker at

3

his residential address and business address; and by (2) email to Parker at the email address he used as recently as April 14, 2026. *See id.* at 7.  Plaintiff contends the requested relief is warranted because "Parker has demonstrated actual knowledge of this lawsuit and has actively communicated with Plaintiff's counsel." *Id.* at 4.  Between November 26, 2025, and April 14, 2026, Parker has communicated with counsel by email.  Plaintiff asserts that his email signature identifies the business address at which service was first attempted on four of the five Defendants, and the phone number provided by a neighbor at his residential address. *See id.*  Plaintiff further asserts that Parker's residential address is independently confirmed by his Pennsylvania Disciplinary Board registration. *See id.*  Despite Parker's active engagement with counsel and apparent awareness of this action, he has not made himself available for personal service or returned the process server's repeated voicemails. *See id.* at 5.  Plaintiff argues that this fact pattern "demonstrates a deliberate evasion of service." *Id.*  Plaintiff further argues that, as a licensed attorney, "Parker is fully aware of the legal significance of service of process and his obligation to respond." *Id.*

## II.   DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 4 governs service of a summons and complaint.  Because Defendants Parker, RC-1, Hi Solutions, Home Integrator, and Booyah include both individuals and corporations presumably located within a judicial district of the United States, service in this matter is governed by Rules 4(e) and 4(h), respectively.  As such, Plaintiff may serve Defendants by following New Jersey laws for service on an individual in state court. *See* FED. R. CIV. P. 4(e)(1) (authorizing service of process on an individual by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made); FED. R. CIV. P. 4(h)(1)(A) (authorizing service of process on a domestic

4

corporation located within a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual").

Under New Jersey law, personal service is the primary method of effecting service. *See* N.J. CT. R. 4:4-4(a). Substitute or constructive service is permissible, however, if personal service cannot be effected within the state. *See* N.J. CT. R. 4:4-4(b), 4:4-5. For *in personam* jurisdiction, alternative methods of service include personal service outside the state, simultaneous mailings by ordinary and certified or registered mail, return receipt requested, and as provided by court order, consistent with due process of law. *See* N.J. CT. R. 4:4-4(b). Irrespective of the cause of action, substitute or constructive service requires a demonstration of due diligence by the requesting party that satisfies the requirements of New Jersey Court Rule 4:4-5(b). *See generally Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000) (noting that "[a]n affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts before seeking an order for" service by alternative means).

"Diligence has no fixed standard." *Argonaut-Midwest Ins. Co. v. Colt Logistics Inc.*, No. 18-11783, 2018 WL 6716104, at *2 (D.N.J. Dec. 20, 2018) (citing *Modan*, 327 N.J. Super. at 48). However, the diligence exercised, and the alternative method of service sought, must satisfy the "elementary and fundamental requirement of due process." *O'Connor v. Altus*, 67 N.J. 106, 126 (1975) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Namely, this requires that there be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* As such, in assessing diligence, the Court must conduct a fact-sensitive inquiry of "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 48 (citation omitted). "In short, a plaintiff must generally demonstrate

5

a good faith, energetic effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013).

### B. Analysis

Here, the Court is satisfied that Plaintiff has demonstrated due diligence in his attempts to locate and serve Defendants Parker, RC-1, Hi Solutions, Home Integrator, and Booyah.  A review of the Certification of Stephanie J. Mensing, Esquire shows that, in accordance with New Jersey Court Rule 4:4-4(a), Plaintiff attempted to personally serve Defendants countless times at various locations. *See* Mensing Cert. ¶¶ 7–8, 10.  The Court also notes Plaintiff's repeated and exhaustive efforts to have Parker waive service on behalf of himself and the four corporate entities—which he never refused to do but otherwise failed to. *See id.* ¶¶ 5–6.  Notably, Parker initially engaged with counsel by email, confirming all four corporate entities "are all wholly owned and [that he is] the sole officer and director of each." *Id.* ¶ 3 (quoting Ex. P-1 at 2).  Given Parker's representations, the Court agrees with Plaintiff that service upon Parker would be effective as to all of the unserved corporate entities. *See* N.J. Cᴛ. R. 4:4-4(a)(6) (authorizing service of process upon a corporation by personal service of the summons and complaint on any officer, director, or managing agent). Once it was apparent he would not waive service for Defendants, Plaintiff attempted to personally serve all five. *See* Mensing Cert. ¶ 8.  After seven failed attempts at Parker's business address, Plaintiff's counsel directed DGR to attempt service on Parker at his residential address—the same address listed on Parker's Pennsylvania Disciplinary Board registration and confirmed as his home by a neighbor. *See id.* ¶¶ 4, 8.  In light of the foregoing circumstances, the Court finds that Plaintiff has exercised due diligence and demonstrated in detail his good faith, exhaustive efforts to search, find, and serve Parker, who appears to be evading service.

While Plaintiff has demonstrated to the Court that he was diligent in attempting to serve Parker, the Court's inquiry does not end there.  As previously discussed, any form of alternative service must be "consistent with due process of law." N.J. CT. R. 4:4-4(b)(3); *see Cordova v. Breezy Point Inc.*, No. 19-15442, 2020 WL 133034, at *2 (D.N.J. Jan. 13, 2020) (citations omitted). Plaintiff's submissions in support of his motion establish that the proposed method of alternate service would involve: (1) simultaneous certified mail, return receipt requested, and ordinary mail to Parker at his residential and business addresses; and (2) email to Parker at jp@hi.solutions. Given the particular facts and circumstances of this case, the Court finds that Plaintiff's proposed method of service is consistent with the "elementary and fundamental requirement of due process." *O'Connor*, 67 N.J. at 126 (citation omitted); *see Guardian Life Ins. Co. of Am. v. Estate of Walter Matesic*, No. 16-643, 2016 WL 3763340, at *2 (D.N.J. July 14, 2016) (citations omitted) (finding simultaneous service by certified and regular mail comports with due process); *see also Prodigy Fin. CM2021-1 DAC v. Kurt*, No. 25-15163, 2025 WL 3443307, at *3–4 (D.N.J. Dec. 1, 2025) (permitting service by email where the parties' email exchanges clearly showed that the defendant "recently used her email address to discuss" issues in the case and "strongly suggest[ed]" that she would receive service at that email address).

Here, Plaintiff has sufficiently shown that service upon Parker by email will only further put all five Defendants on actual notice of this action and allow Defendants to present a defense. *See Mullane*, 339 U.S. at 314.  The Court agrees with Plaintiff that, given Parker's "pattern of communicating by email while evading personal service, email is the method most likely to ensure that he receives formal notice of this lawsuit." Pl.'s Br. at 8.  Therefore, in addition to service upon Defendants by certified and ordinary mail to Parker's residential and business addresses, the Court will permit Plaintiff to serve Defendants by email to Parker at jp@hi.solutions.

7

III.     **CONCLUSION**

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **22nd** day of **June**, **2026**, that Plaintiff's motion [ECF No. 60] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall serve Defendants John E. Parker, RC-1, Inc. d/b/a Hi Solutions, Hi Solutions LLC, The Home Integrator Holdings, LLC, and Booyah Technologies, LLC in accordance with this Opinion and Order by **July 13, 2026**.


s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge


cc:  Hon. Karen M. Williams, U.S.D.J.

8